IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES,

        Plaintiff,

        v.                         Case No. 11 CR 800

SALIOU MBAYE,

        Defendant.

## MEMORANDUM ORDER

At the conclusion of the December 29 hearing inquiring into the appropriateness of the claim by attorney Francis Baumgart ("Baumgart") for fees under the Criminal Justice Act, based on his representation of defendant Saliou Mbaye ("Mbaye") before attorney Baumgart was terminated from the Federal Defender Program, Assistant United States Attorney Joel Hammerman was directed to make arrangements for former Assistant United States Attorney Dylan Smith ("Smith") to be available to testify in the continued hearing at a time mutually convenient for counsel and this Court. Because of Mbaye's decision not to testify during the hearing, coupled with this Court's consequent determination that it would not require him to do so, there is no need to arrange for his availability for the continued hearing. Accordingly this Court currently contemplates that what remains for inquiry will be (1) the Smith testimony and (2) follow-up testimony from attorney Baumgart as to issues raised by the Smith testimony.

As counsel are aware, this Court has referred at several points during the hearing to just one facet of Mbaye's trial testimony that revealed obvious falsehoods on his part -- the checks prepared by him that were blatantly at odds with the truth. But in this Court's view attorney

Baumgart has persistently played ostrich by constantly repeating and stressing Mbaye's belief that he had done nothing illegal as the predicate for his decision to go to trial, while at the same time Baumgart has studiously (or not so studiously) avoided the issues as to the representation that he provided (or did not provide) to Mbaye. That representation or lack of representation would seem to entitle (or disentitle) Baumgart to be paid by the government for his services under the Criminal Justice Act, for adequate representation would appear to call for full disclosure and explanation to Mbaye of his having to testify as a witness at trial as to acts that he had admittedly engaged in to further the fraud that formed the gravamen on which the jury convicted him.

What Baumgart has done to this point is simply to stress Mbaye's decision to go to trial, a decision that necessarily placed him on the stand as a witness, while at the same time glossing over (or ignoring entirely) the lawyer's responsibility to make certain that a client with no legal experience or training has made a fully informed decision. That is the essence of a lawyer's responsibility as adviser as well as advocate. Hence attorney Smith should, in preparation for his testimony, refresh himself and be prepared to testify as to various of the components of the scheme, in addition to the placement of false information on the checks drawn by Mbaye that this Court has already adverted to as examples of Mbaye's admitted complicity that could unquestionably be ascribed to Mbaye himself.

Because this Court has not retained any files from this long-ago-disposed-of criminal case, it has obtained a copy of the government's brief on the pending appeal and attaches a copy of its pages 3 through 8 to this memorandum order. Attorney Smith should be prepared to testify as to facts set out there, and perhaps as to other aspects of the government's direct proof as to Mbaye's own conduct (not based on inferences drawn from other witnesses' testimony). In

short, such testimony should focus on matters that competent criminal defense attorneys have the responsibility to bring directly to their clients' attention as the inevitable consequence of their decision to go to trial -- a consequence that would just as inevitably confront Mbaye with the Hobson's choice of either lying or acknowledging his guilt.

That then is intended to provide the backdrop against which Baumgart will be called upon to answer directly, and not seek as before to deflect, the question as to his own entitlement (or lack of entitlement) to the payment of fees under the Criminal Justice Act. This Court will await notification from Baumgart and AUSA Hammerman as to their availability for the continued hearing.

_____
Milton I. Shadur
Date: January 7 , 2016         Senior United States District Judge